LITE DEPALMA GREENBERG & RIVAS, LLC
Allyn Z. Lite, Esq. (AL-6774)
Michael E. Patunas, Esq. (MP-2306)
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
(973) 623-3000
*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NOVARTIS CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS INTERNATIONAL AG, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Civil Action Nos. 04-4473 and 08-0686 (GEB)(ES)** |

### PROPOSED CONSENT ORDER

WHEREAS:

A.      Novartis filed a letter motion with this Court dated August 10, 2010, seeking an

order compelling production by Teva of its settlement and license agreements from every case in

which Teva has launched a generic product "at risk" – *i.e.*, before a final adjudication from

which no further appeal can be taken; and

B.      Teva filed a letter opposing Novartis's motion dated August 23, 2010; and

C.      The Court heard oral argument on Novartis's motion on September 10, 2010,

denied Novartis's motion but ordered Teva to produce certain identifying information

concerning its ten most recent settlements of at-risk launches under the Hatch-Waxman Act, and

further ordered the Parties to meet and confer about identifying certain of those agreements for

production; and

D.      The Parties exchanged the information and engaged in the meet and confer

process ordered by the Court;

NOW, THEREFORE, the Court hereby orders as follows:

1.      Subject to the provisions of Paragraph 3 below, Teva shall produce to Novartis

the settlement agreements and/or license agreements it entered into with the respective plaintiffs

in the following six litigations:

- *AstraZeneca v. IVAX*, Civil Action No. 05-5142 (D.N.J.)

- *AstraZeneca AB, et al. v. Teva Pharmaceuticals USA, Inc.*, Civ. A. No. 05-cv-621-BSJ (S.D.N.Y.)

- *Ortho-McNeil Pharmaceuticals, Inc., et al. v. Barr Laboratories, Inc., et al.*, Civ. A. No. 03-cv-4678-SRC (D.N.J.)

- *Aventis Pharmaceuticals Inc. et al. v. Barr Laboratories, Inc. et al.*, Civ. A No. 01-cv-3627-JAG (D.N.J.); *Aventis Pharmaceuticals Inc. et al. v. Barr Laboratories, Inc., et al.*, Civ. A No. 04-cv-1064-JAG (D.N.J.); *Aventis Pharmaceuticals Inc. et al. v. Teva Pharmaceuticals USA Inc.*, Civ. A. No. 03-cv-487-JAG (D.N.J.); *Aventis Pharmaceuticals Inc. et al. v. Teva Pharmaceuticals USA Inc. et al.*, Civ. A. No. 04-cv-1078-JAG (D.N.J.); *Aventis Pharmaceuticals Inc. v. Teva Pharmaceuticals USA Inc. et al.*, Civ. A. No. 07-cv-5076-JAG (D.N.J.); *Teva Pharmaceuticals USA, Inc. et al. v. Aventis Pharmaceuticals Inc. et al.*, Civ. A. No. 06-cv-5463-JAG (D.N.J.); and *Barr Laboratories, Inc. v. Aventis Pharmaceuticals Inc.*, Civ. A. No. 06-cv-5605-JAG (D.N.J.)

- *Schwarz Pharma AG, et al. v. Teva Pharmaceuticals USA, Inc.*, Civ. A. No. 01-cv-4995-DRD (D.N.J.)

- *Biovail Laboratories International SRL v. Impax Laboratories, Inc.*, Civ. A. No. 05-1085 (E.D. Pa.)

Disclosure of these agreements, and the information they contain, shall be subject to the terms of

the Stipulated Protective Order entered in this matter and shall further be limited to Novartis's

outside counsel of record in this matter and to experts retained by Novartis in this matter who have executed the confidentiality undertaking of the Stipulated Protective Order. Neither the agreements nor any information they contain may be divulged to any other person, including any current or former employee of Novartis, including in-house counsel, for any purpose.

2.      Subject to the provisions of Paragraph 3 below, Teva shall provide to Novartis the following additional information concerning the products at issue in those six litigations, separately for each of the six products: (a) Teva's launch date; (b) whether Teva was the first-filer, and if not, the identity of any generics that came to market before Teva; and (c) Teva's aggregate net sales in dollars for the product, from the date of launch until the date of settlement. Other than providing this information, and possible clarification by counsel of certain terms contained in the agreements, Teva shall not be required to provide any further discovery concerning these agreements.

3.      Within two (2) business days following execution of this Order, Teva shall provide written notice and a copy of the Order to the other parties to the agreements listed in Paragraph 1 above. Any such party that wishes, upon receipt of Teva's notice, to challenge the production to Novartis of that party's agreement(s) with Teva pursuant to this Order shall file a letter with this Court, not to exceed three pages, stating the reasons for its objections no later than 5 p.m. on the seventh calendar day following receipt of the notice. The Parties together shall contact this Court within two days of the deadline for filing objections to determine whether there is any challenge to this Order and if so, whether intervention by the Court is necessary. Absent a challenge, Teva shall produce the agreements as specified in Paragraph 1 and additional information as specified in Paragraph 2 within three (3) business days following the Parties' call with the Court.

4.      This order addresses the discoverability of these agreements only.  This order

does not address whether any of these agreements, or any information concerning any of them,

may be admitted at trial or relied on by any expert in this matter.  Those issues are reserved for

adjudication at a later stage in these proceedings.


SO ORDERED:

_____

Honorable Esther Salas